JOHN W. CALDWELL v. W. H. REEVES ET AL.

**Vendor and Purchaser—Notice of Equities Held by Other Parties.**
    A purchaser, without notice, and for a valuable consideration from a
    devisee under a will, and heir of other devisees, cannot be affected
    by a latent equity attempted to be asserted by the vendee of said
    beneficiaries.

**Trusts—Notice to Subsequent Purchaser.**
    Notice of the equities of beneficiaries under a trust must be given
    a purchaser without notice, in order to affect his rights.

APPEAL FROM GRAVES CIRCUIT COURT.

April 16, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

The parties to this controversy claim to have derived title to
the land under the will of Jane Clark, who died in 1812, having
devised said lands to Peyton Harrison of Burksville, Ky., her
brother Davis Hoops and her sister Mary Barclay.

It is admitted that Peyton Harrison, one of the devisees of Jane
Clark, conveyed her interest, being an undivided one-third, to
David Caldwell, but the deed is not on file.

On the 28th of March, 1832, Mary Barclay conveyed the one-
third interest, which she acquired by devise from Jane Clark, to
said David Caldwell, for the consideration of $500, as expressed
in the deed.  David Caldwell then had the legal title to the
undivided interest of two-thirds of said land.

In March, 1833, David Caldwell made and published his will,
and it was probated in June following, in which he devised all
his property to his wife and children, to be equally divided
between them.  He left a widow, Mrs. Louisa A. Caldwell, and
four children of tender years.  In 1835 his widow married Austin
Caldwell, by whom she had one child, a son, the plaintiff in this
action, born in January, 1836.  Before his birth two of the
children of the testator, David Caldwell, died in infancy, and
childless, leaving their mother, Louisa A. Caldwell; their brother,

R. H. Caldwell, and their sister, Elizabeth Caldwell, their heirs. In the fall of 1836, or spring of 1837, Elizabeth Caldwell, a daughter of testator David Caldwell, died in infancy and unmarried, leaving her brother, R. H. Caldwell; her mother, and her half brother, the appellant, her heirs at law.

On the 30th of January, 1851, R. H. Caldwell, for a valuable consideration, conveyed all his right, title and interest in and to said lands, to William Mercer, the ancestor of appellees and his mother Louisa A. Caldwell joined him in said conveyance. That deed, it seems, had never been recorded in any of the counties in which said lands are situated.

This case has heretofore been in this court on the appeal of William Mercer, when it was decided that as the rights of the parties were then presented in the record, the testator, David Caldwell, at his death owned two-thirds of the land, and his son, R. H. Caldwell, took under his will one-fifth thereof, upon the death of his brother Eugene, he took one-third of one-fifth. Upon the death of a sister he took the one-half of one-fifth and two-sevenths of one-third of a fifth. And on the death of his sister, Elizabeth, he took her one-fifth of two-thirds of the land and two-fifths of two-sevenths of one-third of one-fifth and two-fifths of one-third of one-fifth. An that these interests, or parts, and nothing more, passed by the deed of R. H. and L. A. Caldwell to said Mercer, as the record then stood, but as the case was reversed because Mercer by the judgment of the circuit court got less than the quantity to which he was, by this court, adjudged to be entitled, the parties were allowed upon the return of the cause, to make further preparation, and if on that being done, it should appear that either party was entitled to more than was indicated in said opinion, the same should be adjudged to him.

In the former opinion, it was in effect adjudged that William Mercer did not acquire the interest of Mrs. L. A. Caldwell in the land, by her joining the deed to him with her son. Since the return of the cause no evidence has been adduced conducing to show that the opinion then delivered should be changed or modified in that respect. On the contrary, from the evidence subsequently taken, the correctness of the former opinion is made more manifest. He paid nothing for her interest, never contracted for it, and procured her signature to, and acknowledgement of the deed, concealing his real motives therefor, if not under delusive

assurances as to his real object. Moreover, it is altogether prob-
able that he knew that A. J. Caldwell claimed that interest under
an executory contract made with her husband for a valuable con-
sideration, which she approved at the time, as she joined her
husband in a bond for a conveyance and which she has, since his
death, perfected, by conveying her interest in said lands to the
assignee of said A. J. Caldwell.

A question of great doubt arises on the subject of the extent
of the interest that passed by the will of David Caldwell to his
devisees.

He held the legal title to one-third of said lands, derived by the
deed of Mrs. Barclay, but it can scarcely be doubted that he held
that title in trust for certain beneficiaries, named in an obligation
which he executed to her at the time she made the conveyance to
him, explaining the purposes of said conveyance, and which was
written by·the subscribing witnesses to said deed, who proved the
execution of said obligation by David Caldwell, and by which he
bound himself to sell the lands then conveyed to him by Mrs. Bar-
clay, and to pay one-half of the proceeds to Payton Harrison, and
the other half to Mrs. Coulter and her daughter, Miss Mary Jane
Coulter; and if he failed to make sale of the one-third of said
lands, he bound himself to convey it to said parties in the same
proportions he was to have paid the price, in case he effected a
sale.

But as was held by this court in the former opinion, herein, the
paper creating David Caldwell trustee for the persons therein
named, was never recorded, while the deed investing him with the
legal title to the one-third of said land was duly registered, and as
it is not shown that Mercer, when he purchased, had notice of the
latent equity of the beneficiaries, for whom said Caldwell was
created trustee. As a purchaser without notice, and for a valuable
consideration from a devisee of Caldwell, and heir of other
devisees, consequently he canont be affected by the latent equity
now attempted to be asserted by the vendee of said beneficiaries.

Whether or not appellant has the legal title, or any title, to the
residue of the lands, to which appellees have shown no title, can-
not prejudice them. They have no adversary possession, such as
would or could bar the right of their co-tenants, as they all hold
under one common title, and as this action seeks a partition of the
lands, if appellees get what they show themselves entitled to, they

must be content. But as appellees recovered more land than they have shown themselves entitled to, the judgment must be reversed on the original appeal, and the cause remanded with directions to adjudge to appellees the quantity of land acquired by their ancestor, William Mercer, by the deed from R. H. Caldwell to him, as set forth in a former part of this opinion, the partition of all the lands to be made on equitable principles, and for further proceedings consistent with this opinion.

The judgment is *affirmed* on the cross-appeal.

*Bigger & Moss, Craddock, James, for appellant.*

*Harlan, for appellees.*